IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| GERARDO  HERNANDEZ | § | |
| Plaintiff | § | CIVIL ACTION NO. |
| | § | |
| VS. | § | COMPLAINT |
| | § | |
| FRANCES BRANDER, INC. | § | PLAINTIFF DEMANDS A TRIAL BY JURY |
| Defendant. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, GERARDO HERNANDEZ, hereinafter referred to as 'Plaintiff', complaining of FRANCES BRANDER, INC., hereinafter referred to as 'Defendant', and would respectfully show as follows:

### I.
### JURISDICTION

1.    This Court has jurisdiction over the lawsuit under 28 U.S.C. §1333 because the lawsuit involves admiralty and maritime jurisdiction.  Plaintiff's claims are maintained under the Jones Act, 46 U.S.C. § 30104, and the General Maritime Law of the United States.

### II.
### PARTIES

2.    Plaintiff, GERARDO HERNANDEZ, is an individual and resident of Aransas County, Texas.

3.    Defendant, FRANCES BRANDER, INC., is a domestic corporation doing business in the Southern District of Texas.  This Defendant may be served with due process herein by serving its registered agent in the State of Texas, George Kain, Box 815, Aransas Pass, Texas 78336.

### III.
### VENUE

1

4.      Venue is proper in this district under 28 U.S.C. 1931(b)(2) because a substantial part of the events or omissions giving rise to this claim occurred in this district.

5.      Venue is also proper because Defendant does substantial business in the Southern District of Texas.

IV.
FACTS

6.      Plaintiff, GERARDO HERNANDEZ, would show that this lawsuit has become necessary as a result of personal injuries he sustained on or about December 7, 2018 and in a second incident on or about September 9, 2020.

7.      On or about December 7, 2018, Plaintiff, GERARDO HERNANDEZ, was employed by Defendant, FRANCES BRANDER, INC., as a seaman and crewmember of the F/V BARBARA, a commercial shrimping and fishing vessel.  On or about December 7, 2018, the F/V BARBARA was a vessel in navigable waters between Palacios, Texas and Aransas Pass, Texas.   At all material times, the F/V BARBARA was owned, operated, manned, provisioned, and/or controlled by Defendant, FRANCES BRANDER, INC. On or about December 7, 2018, employees and/or agents of Defendant, FRANCES BRANDER, INC., negligently caused Plaintiff to sustain injuries in the course and scope of his employment as a fisherman aboard the F/V BARBARA.

8.      In connection with his assignment aboard the F/V BARBARA on or about December 7, 2018, Plaintiff, GERARDO HERNANDEZ, sustained serious and debilitating injuries to his right ankle, ribs, back, and right hip, among other parts of his body.  At the time of the occurrence on or about December 7, 2018, it was raining and the seas were rough.  Plaintiff and his fellow crewmembers were picking up the drag.  As he was pulling the lazy line, Plaintiff fell on a slick surface aboard the vessel and fell onto the crab board, which was not painted.  Plaintiff promptly

2

reported the incident.   Despite his injuries and continued symptoms, Defendant, FRANCES

BRANDER, INC., failed to provide prompt and adequate medical attention to the Plaintiff.

9.      To the extent that Plaintiff had any pre-existing injuries or medical condition(s) at the

time of the occurrence on or about December 7, 2018, the same was not disabling, and he would

respectfully show that such pre-existing condition, if any, was aggravated by the incident made

the basis of this suit to such an extent that it became disabling, bringing about the necessity of

medical treatment.

10.      In a second occurrence on or about September 9, 2020, Plaintiff, GERARDO

HERNANDEZ, was employed by Defendant, FRANCES BRANDER, INC., as a seaman and

crewmember of the F/V BARBARA, a commercial shrimping and fishing vessel.  On or about

September 9, 2020, the F/V BARBARA was a vessel in navigable waters between Palacios,

Texas and Galveston, Texas.   At all material times, the F/V BARBARA was owned, operated,

manned, provisioned, and/or controlled by Defendant, FRANCES BRANDER, INC. On or about

September 9, 2020, employees and/or agents of Defendant, FRANCES BRANDER, INC.,

negligently caused Plaintiff to sustain injuries in the course and scope of his employment as a

fisherman aboard the F/V BARBARA.

11.      In connection with his assignment aboard the F/V BARBARA on or about September 9,

2020, Plaintiff, GERARDO HERNANDEZ, sustained serious and debilitating injuries to his right

shoulder and back, among other parts of his body.  At the time of the occurrence on or about

September 9, 2020, the crew had lost two rigs of nets and had to search for and retrieve a cable.

While the Captain was supervising the operation, the Plaintiff had to pull a heavy cable, without

adequate assistance, that was caught on the rigs.  Plaintiff promptly reported the incident.  The

incident on September 9, 2020 caused serious injury to his right shoulder and aggravated his prior

back injury. Despite his injuries and continued symptoms, Defendant, FRANCES BRANDER,

INC., failed to provide prompt and adequate medical attention to the Plaintiff.

12.     To the extent that Plaintiff had any pre-existing injury or medical condition(s) at the time

of the occurrence on or about September 9, 2020, the same was not disabling, and he would

respectfully show that such pre-existing condition, if any, was aggravated by the incident made

the basis of this suit to such an extent that it became disabling, bringing about the necessity of

medical treatment.

V.

FIRST CAUSE OF ACTION FOR NEGLIGENCE UNDER THE JONES ACT

13.     On or about December 7, 2018, Defendant, FRANCES BRANDER, INC., was negligent,

and said negligence was a proximate cause of Plaintiff's injuries.  At all relevant times, it was

feasible for Defendant, FRANCES BRANDER, INC., to provide to Plaintiff, and said Defendant

owed to Plaintiff, duties of care to provide, inter alia, a safe place to work.  Plaintiff further

contends that on the occasion in question, Defendant, FRANCES BRANDER, INC., acting through

its officers, agents, servants and/or employees, was careless and negligent in the following respects:

| | |
|---|---|
| a. | In failing to provide a safe work environment; |
| b. | In failing to properly supervise and oversee the operation at hand; |
| c. | In failing to properly train and supervise the vessel's crew; |
| d. | In failing to provide additional crewmembers to perform the task at hand; |
| e. | In failing to paint the crab board in question; |
| f. | In failing to account for adverse weather and sea conditions; |
| g. | In failing to provide prompt and adequate medical attention; and, |
| h. | Other acts of negligence as proven at time of trial. |

14.     On or about December 7, 2018, and as a direct and proximate result of the negligent acts

of Defendant, FRANCES BRANDER, INC., Plaintiff developed severe and debilitating injuries to

his right ankle, ribs, back, and right hip, among other parts of his body.   Said occurrence and said

injuries occurred as a result of the negligence of Defendant, FRANCES BRANDER, INC., its

agents, servants and/or employees, acting in the course and scope of their employment and agency.

15.     On or about September 9, 2020, Defendant, FRANCES BRANDER, INC., was negligent, and said negligence was a proximate cause of Plaintiff's injuries.  At all relevant times, it was feasible for Defendant, FRANCES BRANDER, INC., to provide to Plaintiff, and said Defendant owed to Plaintiff, duties of care to provide, inter alia, a safe place to work.   Plaintiff further contends that on the occasion in question, Defendant, FRANCES BRANDER, INC., acting through its officers, agents, servants and/or employees, was careless and negligent in the following respects:

      a.      In failing to provide a safe work environment;
      b.      In failing to properly supervise and oversee the operation at hand;
      c.      In failing to properly train and supervise the vessel's crew;
      d.      In failing to provide additional crewmembers to perform the task at hand;
      e.      In failing to provide prompt and adequate medical attention; and,
      f.      Other acts of negligence as proven at time of trial.

16.     On or about September 9, 2020, and as a direct and proximate result of the negligent acts of Defendant, FRANCES BRANDER, INC., Plaintiff developed severe and debilitating injuries to his right shoulder and back, among other parts of his body.    Said occurrence and said injuries occurred as a result of the negligence of Defendant, FRANCES BRANDER, INC., its agents, servants and/or employees, acting in the course and scope of their employment and agency.

VI.
SECOND CAUSE OF ACTION FOR VESSEL UNSEAWORTHINESS

17.     At all times material hereto, Defendant, FRANCES BRANDER, INC., owned, operated, and/or controlled the F/V ATLANTIC BOUNTY.  At all relevant times it was feasible for said Defendant to provide to Plaintiff, and said Defendant owed to Plaintiff, duties to provide, a vessel seaworthy in all respects, including but not limited to its hull, engines, apparel, appurtenances, equipment, furnishings, fixtures and complement. Defendant, FRANCES BRANDER, INC., breached said duty of care by failing to provide any and/or all of these particulars or others as may

5

be disclosed upon discovery hereafter.

18.     On or about December 7, 2018, Defendant, FRANCES BRANDER, INC., was careless and

negligent in breaching the above duties of care, and the vessel was unseaworthy in the following

particulars:

        a.      The vessel had an incompetent master and/or crew;
        b.      The vessel lacked sufficient, trained crewmembers to perform the task at hand;
        c.      The crab board in question was not painted;
        d.      The surface of the vessel in question was unreasonably slick; and,
        e.      Other unseaworthy conditions as proven at time of trial.

19.     Furthermore, on or about September 9, 2020, Defendant, FRANCES BRANDER, INC.,

was careless and negligent in breaching the above duties of care, and the vessel was unseaworthy in

the following particulars:

        a.      The vessel had an incompetent master and/or crew;
        b.      The vessel lacked sufficient, trained crewmembers to perform the task at hand;
        c.      The vessel's rigs, cable, and equipment were not in safe, working condition; and,
        d.      Other unseaworthy conditions as proven at time of trial.

20.     Said breaches of duty proximately contributed, in whole or in part, to cause Plaintiff to

suffer the hereinafter complained of injuries for which Defendant, FRANCES BRANDER, INC., is

liable to Plaintiff in damages.

VII.
<u>THIRD CAUSE OF ACTION FOR MAINTENANCE AND CURE</u>

21.     As an employee and seaman of Defendant, FRANCES BRANDER, INC., Plaintiff is

entitled under the General Maritime Law to the payment of maintenance and cure benefits.

22.     On or about December 7, 2018, and on other dates thereafter, and ever since, Defendant,

FRANCES BRANDER, INC., has wrongfully failed and/or refused to provide maintenance and

cure to Plaintiff in breach of duties said Defendant owes to Plaintiff.  Defendant's failure to

promptly pay maintenance and cure benefits has caused a significant delay in Plaintiff's receipt

of medical treatment and recovery.  Plaintiff further alleges that it was, and still is, the duty of

Defendant, FRANCES BRANDER, INC., as his employer, to furnish him with maintenance and

cure and loss of wages on a reasonably prompt basis.  Plaintiff further alleges that Defendant,

FRANCES BRANDER, INC., has unreasonably, arbitrarily, willfully and capriciously refused to

timely pay full maintenance and cure benefits to him, and such sums were due and owing.  As a

result of said Defendant's unreasonable failure to provide maintenance and cure, Plaintiff is

entitled to recovery for damages and expenses incurred, including, but not limited to, damages

for prolongation or aggravation of his injuries, pain and suffering, and additional expenses.

23.      Plaintiff states that in addition to such maintenance and cure benefits as he is entitled, he

has found it necessary to engage attorneys to represent him in the maintenance and cure action

that he is entitled to and brings a suit for the reasonable attorney's fees incurred in the collection

of the maintenance and cure benefits due to him.  Therefore, for the aforementioned reasons,

Plaintiff states that he is entitled to maintenance and cure benefits, compensatory damages and

attorney's fees, in a sum in excess of the minimum jurisdictional limits of this Court or for other

and further sums as the Court and/or Jury may find reasonable at the time of trial of this cause.

24.      By reason of the foregoing premises and as a legal result thereof, Plaintiff has in the past

and/or will in the future be caused to suffer the following described injuries and/or losses, for

which Defendant, FRANCES BRANDER, INC., is liable to Plaintiff:

  a.      Maintenance and Cure benefits accrued to date of trial and for a reasonable time in
          the future, as may be found necessary;
  b.      Physical and emotional injury, pain and suffering;
  c.      Prolongation and or aggravation of injuries;
  d.      Indebtedness for health care expenses;
  e.      Indebtedness for daily living expenses;
  f.      Prejudgment interest; and,
  g.      Attorneys' fees.

25.      All said injuries and damages in an extent, not now precisely known in excess of

$250,000.00.

## IX.
## DAMAGES

26.     As a direct and proximate result of the occurrence alleged, Plaintiff sustained severe and painful injuries to his body and mind, and shock and injury to his nervous system and person, all of which injuries have caused and continue to cause great physical and emotional pain and suffering. In connection therewith, Plaintiff would show that he has sustained severe pain, physical impairment, discomfort, mental anguish, and distress to date.  Plaintiff is informed and believes and alleges that, in all reasonable probability, some or all of said injuries will result in permanent damage, disability, and pain and suffering, causing general damages in an amount to be determined at trial.  Moreover, Plaintiff has suffered a loss of earnings in the past, as well as a loss of future earning capacity.  Furthermore, he has incurred and will incur pharmaceutical and medical expenses in connection with said injuries.  By reason of the foregoing, Plaintiff would show that he has been damaged in a sum, to be determined at trial, far in excess of the minimum jurisdictional limits of this Honorable Court, for which amount he comes now and sues.

27.     By reason of the foregoing premises and as a legal result thereof, Plaintiff has in the past and/or will in the future be caused to suffer the following described injuries and/or losses, for which Defendant, FRANCES BRANDER, INC., is jointly and severally liable to Plaintiff:

   a. Reasonable and necessary medical expenses in the past and in the future;
   b. Physical pain and suffering in the past and in the future;
   c. Mental anguish in the past and in the future;
   d. Lost earnings;
   e. Loss of earning capacity in the past and in the future;
   f. Loss of household services in the past and future;
   g. Physical disfigurement in the past and in the future; and,
   h. Physical impairment in the past and in the future.

22. All said injuries and damages in an extent, not now precisely known, in excess of

$1,000,000.00.

## X.
## JURY DEMAND

28.     Plaintiff demands a trial by jury and tenders the appropriate fee.

## XI.
## PRAYER

29.     WHEREFORE, PREMISES CONSIDERED, Plaintiff, GERARDO HERNANDEZ, prays

that Defendant, FRANCES BRANDER, INC., be cited to appear and answer herein in a form and

manner prescribed by law, and after jury trial of the merits of this cause, Plaintiff have judgment

against Defendant, in a total sum in excess of the minimum jurisdictional limits of this Court, plus

pre-judgment and post-judgment interest at the maximum legal rates, all costs of Court, and all such

other and further relief, be it general or special, at law or in equity, to which Plaintiff may show

himself justly entitled.

Respectfully submitted,

SCHECHTER, MCELWEE, SHAFFER, & HARRIS, L.L.P.


*/s/Matthew D. Shaffer*
MATTHEW D. SHAFFER
TBA # 18085600
FED I.D. #: 8877
LAURA B. DE LA CRUZ
TBA # 24095300
FED I.D.# 2850232
3200 Travis, Third Floor
Houston, Texas  77006
TEL:    (713) 524-3500
FAX:    (866) 696-5610
Mshaffer@smslegal.com
Ldelacruz@smsleglal.com

ATTORNEYS FOR PLAINTIFF

PLAINTIFF DEMANDS A TRIAL BY JURY